IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEVIN LEVAN ELMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv614-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 16, 2014, the petitioner, Kevin Levan Elmore ("Elmore") filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), in which he challenges the sentence this court imposed in December 2013 after he pled guilty to conspiracy to distribute a controlled substance and use of a communication facility to facilitate a drug offense. The court finds that this § 2255 motion should be denied without prejudice because Elmore's direct appeal is pending in the Eleventh Circuit Court of Appeals.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court is without authority to hear a petitioner's 28 U.S.C. § 2255 motion during the pendency of the petitioner's direct appeal.[1] In the present case, Elmore, through counsel,

---

[1] In *Khoury*, the defendant filed a § 2255 motion after he filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United*

(continued...)

filed a notice of appeal on January 7, 2014, appealing his conviction and sentencing. *See* Case No. 2:12cr235-MEF, Doc. No. 448. Elmore's appeal has been assigned USCA Case No. 14-10110-B. *See id.*, Doc. No. 456. On the date this Recommendation is being entered, Elmore's appeal remains pending in the Eleventh Circuit Court of Appeals. During the pendency of Elmore's direct appeal, this court lacks authority to consider his motion for relief under 28 U.S.C. § 2255, and accordingly, the motion should be denied without prejudice.

If Elmore so chooses, he may refile a § 2255 motion when jurisdiction is vested in the district court.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Elmore's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 31, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court

---

[1](...continued)
*States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of July, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE